EDWARD B. BOSTWICK, EXECUTOR, DEFENDANT IN ERROR, v. SARAH J. WILLETT, PLAINTIFF IN ERROR.

Submitted December 1, 1904—Decided March 29, 1905.

1. The refusal of a nonsuit for failure of proofs is not reversible error if such proofs were afterwards supplied by either party in the progress of the trial.
2. In the absence of some statutory provision a bill of exceptions will not be regarded as sealed unless it is identified by the certificate of the trial court.

On error to the Middlesex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff in error, *Freeman Woodbridge.*

For the defendant in error, *Frederic M. P. Pearse* and *George S. Silzer.*

The opinion of the court was delivered by

GARRISON, J. This writ of error brings up a judgment record of the Circuit Court and certain bills of exception. The declaration consisted of the common counts, without any bill of particulars, and the plea was the general issue. At the close of the plaintiff's testimony the defendant moved for a nonsuit, which was denied, and a bill of exceptions sealed.

If the assignment of error based upon this bill of exceptions presented the question whether the plaintiff's testimony made out a case for the jury, the answer would have to be in the negative, for at that time all that appeared was that for a stated quantity of coal that had been shipped to the defendant and charged to her upon the books of the plaintiff's testator a note had been received to which the defendant's name had been signed by her husband.

The defendant, however, after the denial of her motion, went upon the stand and testified, and also produced her husband as a witness. From the testimony elicited from these witnesses upon cross-examination, it was permissible for the jury to find that the coal business in question was in fact the business of the defendant, although conducted by her husband, and hence that the coal in suit had been in effect sold to the defendant. This being so, the only benefit the defendant can derive from her above-mentioned bill of exceptions is to have it treated as if it were a bill of exceptions to the court's refusal to direct a verdict in her favor upon all of the testimony, although, in point of fact, such motion was not made. The reason for this is obvious. The mere refusal to direct a nonsuit for failure of proofs in the plaintiff's case affords no ground for the reversal of a judgment against the defendant if by reason of testimony that came in after the refusal of the motion to nonsuit a case calling

for the verdict of the jury was ultimately presented.  Hence strict practice would require that the trial court should refuse to seal such a bill of exceptions if further testimony was to be offered, leaving the defendant in such case to renew his motion when all the testimony was in or to prefer his request for binding instructions in some other form.  After some vacillation, and apparently for the convenience of the bar, the practice arose of sealing a bill of exceptions to the refusal to nonsuit at the close of the plaintiff's case and of permitting the defendant under such a bill to attack the judgment when other testimony had afterwards come in, provided that all of such after-received testimony that was in any way germane to the error assigned was brought up by the defendant as part of such bill of exceptions.  Such is now the established rule.  *Delaware, Lackawanna and Western Railroad Co.* v. *Dailey,* 8 *Vroom* 526; *Hibernia Mutual Fire Insurance Co.* v. *Meyer,* 10 *Id.* 482.

The earlier cases touching this practice are referred to in *Perth Amboy Manufacturing Co.* v. *Bowles,* 1 *Zab.* 659; *Central Railroad Co.* v. *Moore,* 4 *Id.* 824, 835; *Voorhees* v. *Woodhull's Executors,* 4 *Vroom* 482.

Under the rule thus established, if there were defects in the plaintiff's proofs upon which the motion to nonsuit was founded, the reviewing court will consider all of the testimony brought up by such bill of exceptions and sustain the action of the trial court if the defective proofs were supplied by the testimony produced by either party during the subsequent progress of the trial.

In the light of this practice the refusal of the trial court to grant the defendant's motion was not reversible error.

The other assignments of error, that rest upon bills of exception properly sealed, challenge certain rulings upon testimony touching the note to which the defendant's husband had signed her name, and have been argued as if the plaintiff's action was based upon such note.  Such, however, is not the case.  Under the common counts the plaintiff sued for the value of the coal shipped to the defendant, and relied, not upon proving that the note was made by the defendant,

but upon proving that the coal was sold and delivered to her, the sole issue submitted to the jury being whether the business in the course of which the coal had been purchased was the defendant's business. The errors complained of were not injurious to the defendant unless she was being sued as the maker of the note, which was not the case.

Certain other assignments of error were argued, for which no warrant is found in any properly sealed bills of exception. At the end of the printed case is the following certificate, signed by the Circuit judge: "The foregoing bills of exceptions having been duly taken upon the trial of the said cause before the said Circuit Court in and for the county of Middlesex, I hereby certify that the said bills of exceptions, as above sealed, contain all the matter relating to the subject-matter of the exceptions, or any of them, and the evidence upon which the ruling and instructions of the said court excepted to as above set forth are based; and also the motion for nonsuit, and the charge of the said court, and the exhibits offered in said cause."

This language applies, in terms, to the bills of exceptions only that have been "above sealed," and in the absence of some statutory practice a bill of exceptions will not be deemed to be sealed unless it is identified by the certificate of the judicial officer to whose conduct it refers or upon whose certification it rests. There are scattered through the printed case certain bills of exceptions that are sealed; there are also several instances in which exceptions are stated to have been allowed, but are not in point of fact sealed or otherwise identified. The former have been considered, but the assignments based upon exceptions that merely appear in the printed case as allowed, but are otherwise uncertified, have not been considered.

The judgment of the Circuit Court is affirmed.